## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SALERNO MEDICAL ASSOCIATES, LLP, SENIOR HEALTHCARE OUTREACH PROGRAM, INC., and SM MEDICAL LLC, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) Case No. _____ |
| v. | ) [Removal from the Superior Court of ) New Jersey, Essex County, Law ) Division, ESX-L-004846-20] |
| RIVERSIDE MEDICAL GROUP, LLP, UNITEDHEALTHCARE COMMUNITY PLAN, INC., OPTUM, INC., OPTUM CARE, INC., UNITEDHEALTH GROUP, INC., UNITEDHEALTHCARE INSURANCE COMPANY and JOHN DOES 1-20, | ) Action Filed: July 17, 2020 ) ) ) ) ) ) |
| Defendants. | ) ) |

## NOTICE OF REMOVAL

Defendants    UnitedHealthcare    Insurance    Company,    UnitedHealth    Group,    Inc.,

UnitedHealthcare Community Plan, Inc., Optum, Inc., and Optum Care, Inc.—together, "United"—

remove the state-court case attached as Exhibit A.[1] Removal is proper for the following reasons. *See*

*Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87, 89 (2014) ("By design, [28 U.S.C.] § 1446(a)

tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure.").

### BACKGROUND

1.    The named Plaintiffs in this case—Salerno Medical Associates, LLP, Senior Healthcare

Outreach Program, Inc., and SM Medical LLC—are medical groups that employ one or more

healthcare providers whom United non-renewed in 2019 in accordance with the parties' contracts. *Cf.*

Ex. A, Compl. ¶ 1. Last year, the Plaintiffs and many of their providers filed a nearly identical putative

---

[1] The Plaintiffs erroneously named "Riverside Medical Group, LLP" as a defendant, but that entity is not part of UnitedHealth Group's corporate family and is not otherwise affiliated with the defendants. A different entity—Riverside Medical Management, LLC—is part of UnitedHealth Group's corporate family and consents to this removal.

class action in this Court, raising almost all the same claims that the Plaintiffs have now recycled in their state-court complaint. *See* Ex. B (federal complaint); *see also Salerno v. UnitedHealthcare Grp., Inc.*, No. 2:19-cv-18130-KM-JBC (D.N.J.). The plaintiffs' claims in that earlier case hinged on their belief that United violated federal Medicare Advantage regulations by non-renewing their contracts. *See, e.g.*, *id.* pp. 28–42 (Counts I through VII). On October 11, Judge McNulty entered a standstill order and gave those plaintiffs thirty days to file individual arbitrations—as their contracts with United required. *Salerno v. UnitedHealth Grp., Inc.*, No. 2:19-cv-18130-KM-JBC (D.N.J. Oct. 11, 2019), Dkt. 25.

2.      Since then, United and a handful of individual providers have been arbitrating the claims that those providers raised in the September 2019 putative class action. Ex. A, Compl. ¶¶ 3, 27. Now, almost a year after filing that earlier case*,* the Plaintiffs filed this copy-cat class action in New Jersey Superior Court. As before, the Plaintiffs allege that United acted wrongfully by non-renewing the Plaintiffs' providers' contracts, and the Plaintiffs purport to represent a class of other medical groups in New Jersey that employ non-renewed providers. *Id.*  ¶¶ 1, 110. The complaint looks nearly identical to last year's complaint except that the individual providers are no longer parties and the Plaintiffs have dropped their claim under a federal Medicare Advantage regulation. But even while dropping that claim, the Plaintiffs didn't drop their allegations confirming that the complaint hinges on United's alleged (non-existent) regulatory violation.

3.      Those allegations prove that the Court has federal-question jurisdiction; the Plaintiffs' claims require the Court to interpret the Medicare Advantage regulation and decide how it applies to this case. But even if the regulation were not in play, the Court also has diversity jurisdiction. The Plaintiffs named "Riverside Medical Group, LLP" as a defendant and alleged that it is a New Jersey citizen, but that entity—if it exists—is not part of United's corporate family. Setting aside that entity, there is complete diversity because none of the other named defendants is a citizen of New Jersey. And even if there wasn't complete diversity, the Court also has jurisdiction under the Class Action Fairness Act (CAFA) because there is at least minimal diversity, the amount in controversy is over $5 million, and there are more than 100 putative class members.

## NATURE OF THE REMOVED ACTION

4.      This case concerns United's decision to exercise its contractual right to non-renew certain providers' contracts. At different times over the past few years, those providers entered into contracts with UnitedHealthcare Insurance Company (UHIC) that allowed them to serve as in-network providers for United's Plan beneficiaries. Ex. A, Compl.  ¶¶ 12, 27. The Plan includes both Medicare and Medicaid lines of business.

5.      Each provider's contract governs the terms of their relationship with United. *Cf.*, *e.g.* Ex. A, Compl. ¶ 110. Under the contracts, either party may non-renew the contract effective on the contract's anniversary date. Last year, United exercised that right by notifying certain providers that it was non-renewing their contracts on the anniversary dates. *Id.* ¶¶ 1, 40. United also told the non-renewed providers how they could appeal the decision and the scope of any appeal. *Id.*  ¶ 42.

6.      According to the Plaintiffs, those non-renewals violated a federal Medicare Advantage regulation (42 C.F.R. § 422.202(d)):

> An MA organization that suspends or terminates an agreement under which the physician provides services to MA plan enrollees must give the affected individual written notice of the following: (i) The reasons for the action, including, if relevant, the standards and profiling data used to evaluate the physician and the numbers and mix of physicians needed by the MA organization. (ii) The affected physician's right to appeal the action and the process and timing for requesting a hearing.

*See* Ex. A, Compl. ¶ 44. The Plaintiffs allege that when United exercised its contractual non-renewal right, it didn't give the providers enough of a "reason" for the non-renewal and that United should have given data that would have allowed the providers to challenge their without-cause non-renewals in an internal appeal. *Id.*  ¶¶ 2, 46–47 (alleging that United did not give "information *required by the Regulations* such that the [p]roviders could take meaningful appeals") (emphasis added).

7.      Unlike last year's lawsuit, the Plaintiffs do not allege that they are entitled to direct relief under the regulation; they sue United for civil conspiracy, tortious refusal to deal, unfair competition, unjust enrichment, tortious interference with contracts and economic advantage, and trade-secret misappropriation. *See* Ex. A pp. 26–30 (Counts I through VI). But the Plaintiffs cannot hide the obvious through their artful pleading: Their claims are anchored in their allegation that

3

United, "without complying with the Regulations, [has] wrongfully discharged various Medical Group Providers . . . ." *Id.* ¶ 126. *See also id.* ¶ 130 ("terminating . . . the Medical Groups' Providers from the Plan knowing that United was doing so in violation of the Regulations . . . constitutes, inter alia, unfair competition and is otherwise wrongful.") (emphasis omitted). Indeed, one of the Plaintiffs' "common questions of law or fact" is whether United "terminated the Medical Groups' Providers despite knowing, prior to the terminations, that it failed to comply with the Regulations." *Id.* ¶ 111.

8.      The Plaintiffs purport to represent the following class of medical groups:

> [A]ll Medical Groups in New Jersey who do not have direct contracts with United and who, during the relevant class period, had Providers who were notified that they would be removed from the plan by United without cause when their individual Provider Contracts expire(d), who had patients receive letters from United notifying them that their Providers were being deselected from the Plan and/or who otherwise suffered damages as a result of [United's] interference with their relationships with their Providers, their patients and Providers from other Medical Groups.

Ex. A, Compl. ¶ 110. The Plaintiffs also claim that hundreds or thousands of medical groups like the Plaintiffs have providers that treat Plan members. *See id.* ¶ 27.

## GROUNDS FOR REMOVAL

9.      The Court has federal-question jurisdiction because the Complaint on its face raises a stated federal issue. The Court also has diversity jurisdiction because the Plaintiffs improperly named "Riverside Medical Group, LLP" as a defendant and because none of the other defendants is a New Jersey citizen. And the Court has CAFA jurisdiction because of the case's size and the parties' minimal diversity.

## I.      THIS COURT HAS FEDERAL-QUESTION JURISDICTION.

10.      Federal courts may exercise jurisdiction under 28 U.S.C. §§ 1331 and 1441 "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). A complaint asserting only state-law claims may nonetheless support federal-question jurisdiction if it "raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods. v. Darue Eng'g*

*& Mfg.*, 545 U.S. 308, 314 (2005). For similar reasons, courts may also exercise jurisdiction under the artful-pleading doctrine when a plaintiff puts a state-law gloss on what is really a federal claim that raises "necessary federal questions." *Scott v. Sysco Food Serv. of Metro N.Y., L.L.C.*, No. 07-3656, 2007 U.S. Dist. LEXIS 79519, at *7, *12 (D.N.J. Oct. 26, 2007) (internal quotation marks omitted); *see, e.g., Aronson v. IDT Corp.*, No. 02-1706, 2003 U.S. Dist. LEXIS 6659, at *10–11 (W.D. Pa. Apr. 3, 2003) (artful-pleading doctrine applied because federal law governed underlying issue of whether defendant had any obligation to notify plaintiff of switch in telephone service carriers).

11.     The Court has jurisdiction under both theories—and for the same reasons. The Plaintiffs' claims are premised on United's alleged failure to comply with 42 C.F.R. § 422.202(d)'s dictates in non-renewing their providers' contracts, including the regulation's "reason for the action" provision and its requirements concerning certain internal appeal procedures. The Plaintiffs say so many times. By our count, the Plaintiffs mention § 422.202(d) or United's supposed violation of that regulation no fewer than 33 times. *See* Ex. A, Compl. ¶¶ 1–3, 39–48, 50, 53–55, 59–61, 63–64, 70, 103, 105–106, 110–112, 120, 122, 126, 130.

12.     The references to § 422.202(d) permeate the Plaintiffs' claims. In their refusal-to-deal claim, for example, the Plaintiffs allege that "Defendants, without complying with the Regulations, have wrongfully discharged various Medical Group Providers and tortiously refused to deal." Ex. A, Compl. ¶ 126. The same is true of the unfair-competition claim. *Id.* ¶ 130 (alleging that United non-renewed "the Medical Group' Providers from the Plan knowing that United was doing so in violation of the Regulations"); *see also id.* ¶ 3 (alleging that United provided "patients with the names, addresses and phone numbers of other Providers and Medical Groups to whom they should seek medical care all while knowing that United had not complied with the Regulations"). As important, the Plaintiffs' damages theory is premised on the alleged federal regulatory violation: The Plaintiffs allege that even though their providers are pursuing individual arbitrations—several providers have already lost—the Plaintiffs are also entitled to compensation "to the extent that they share in the revenues their Providers generate from participating in the Plan" for "their own, separate damages as a result of [the defendants'] actions." *Id.* ¶ 3. There is little new in what the Plaintiffs have done: They copied and

pasted much of their old class-action complaint into the new complaint, dropped the claim asking for declaratory relief under § 422.202(d), and otherwise kept it mostly the same.

13.    That proves that the alleged federal regulatory violation is an essential component of the Plaintiffs' state-law claims. *Cf. Harrison v. Health Network Labs. L.P.*, No. 16-3530, 2017 U.S. Dist. LEXIS 2606, at *6–7 (E.D. Pa. Jan. 9, 2017) (federal-question jurisdiction existed where "wrongdoing" element of state-law claim turned on interpretation of federal statute), *reconsideration granted on other grounds*; *see also, e.g., Nostrame v. Santiago*, 213 N.J. 109, 122 (2013) (tortious interference with contract occurs when one "intentionally and *improperly* interferes with the performance of a contract . . .") (emphasis added). The federal question is substantial and disputed—the Parties have significantly different interpretations of the regulation's meaning—and this Court's exercising jurisdiction will not upset the balance between the state and federal judiciaries. *Cf. Grable*, 545 U.S. at 314. Interpreting federal regulations is federal business. The Court has federal-question jurisdiction.

14.    Inasmuch as the Plaintiffs' sixth claim—"misappropriation of trade secrets and/or proprietary and confidential information"—is not based on United's alleged violation of § 422.202(d), that claim is "so related" to the Plaintiffs' five other claims that it "form[s] part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The allegation that United used its own plan members' information to "steer the Medical Groups' patients to other Providers in the Plan" derives from the same operative facts as the other claims—United's non-renewal of the Plaintiffs' providers. Ex. A, Compl. ¶ 141. Accordingly, the Court would have supplemental jurisdiction over the Plaintiffs' sixth claim even if it did not have federal-question jurisdiction over that claim.

## II.    THIS COURT HAS DIVERSITY JURISDICTION.

15.    The Court also has diversity jurisdiction under 28 U.S.C. § 1332(a). The Plaintiffs are citizens of New Jersey, but none of the United defendants is a New Jersey citizen. Defendants UnitedHealthcare Insurance Company, UnitedHealth Group, Inc., UnitedHealthcare Community Plan, Inc., Optum, Inc., and Optum Care, Inc. are incorporated in other states and have their principal places of business outside of New Jersey. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010); *see also* 28

U.S.C. § 1332(c)(1) (describing citizenship of corporations). UHIC is a Connecticut corporation with its principal place of business in Hartford, Connecticut; UnitedHealthcare Community Plan, Inc. is a Michigan corporation with its principal place of business in Southfield, Michigan; Optum, Inc. is a Delaware corporation with its principal place of business in Eden Prairie, Minnesota; Optum Care, Inc. is a Delaware corporation with its principal place of business in Minnetonka, Minnesota; and UnitedHealth Group, Inc. is a Delaware corporation with its principal place of business in Minneapolis, Minnesota. Ex. C, Nielsen Decl. ¶¶ 3–7.

16.    The Plaintiffs also named "Riverside Medical Group, LLP" as a defendant—and alleged that its headquarters are in Secaucus, New Jersey (Ex. A, Compl. ¶ 4)—but United is not aware of any entity by that name. United's Michele Nielsen confirms that the named entity "is not part of UnitedHealth Group, Inc.'s corporate family and is not otherwise affiliated with any defendant." Ex. C, Nielsen Decl. ¶ 8; *see also id.* ("I am also not familiar with any legal entity that goes by that name."). As important, the Plaintiffs allege that United acquired "RMG" in 2016 and that "United has a vested, financial interest in having Plan participants obtain medical services from RMG" (Ex. A, Compl. ¶¶ 85–86), so it appears that the Plaintiffs meant to name a Riverside entity that is part of United's corporate family. Accordingly, the Court should ignore the citizenship of "Riverside Medical Group, LLP" for diversity purposes. *See, e.g.*, *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460–61 (2d Cir. 1998) ("[A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy.").

17.    There is another entity in UnitedHealth Group, Inc.'s corporate family named "Riverside Medical Management, LLC." Ex. C, Nielsen Decl. ¶ 9. But even if the Plaintiffs amended their complaint to add that entity, the Court would still have diversity jurisdiction. Riverside Medical Management is a limited-liability company, so the Court determines its citizenship by reference to its members' citizenship. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). "If the LLC's members are themselves limited liability companies (or partnerships, or trusts, or unincorporated associations, etc.), the Court may need to trace the parties' citizenship through multiple layers of entities." *Hankins v. Doubletree Mgmt., LLC*, No. 3:19-cv-8698-BRM-LHG, 2020 U.S.

Dist. LEXIS 93879, at *11 (D.N.J. May 29, 2020); *see also Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 n.16 (3d Cir. 2015) ("[A]s with partnerships, where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC.").

18.    That is true of Riverside Medical Management, LLC. It is wholly owned by another LLC (ProHEALTH Medical Management, LLC), which is wholly owned by another LLC (Collaborative Care Holdings, LLC), which is wholly owned by another LLC (OptumHealth Holdings, LLC), which is wholly owned by a corporation (Optum, Inc.). Ex. C, Nielsen Decl. ¶ 9. Optum, Inc. is a citizen of Delaware and Minnesota. *Id.* ¶ 5; *see also Fabricant v. Intamin Amusement Rides Int'l Corp. Est*, No. 19-12900, 2019 U.S. Dist. LEXIS 123216, at *6 (D.N.J. July 24, 2019) ("Where an LLC has a corporation as a member, the court must examine the member-corporation's state of incorporation and principal place of business."). Accordingly, for diversity purposes, Riverside Medical Management, LLC is a citizen of those states.[2] The Court has diversity jurisdiction.

## III.    THIS COURT HAS ORIGINAL JURISDICTION UNDER CAFA.

19.    The Court also has subject-matter jurisdiction under CAFA. CAFA provides that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Those requirements are met. And CAFA's exceptions do not apply.

### A.    This case is a class action with more than 100 putative class members.

20.    Under CAFA, a "class action" is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

---

[2] United has reviewed its records—as we describe in Part III.B—and has confirmed that "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). For instance, the yearly revenues that SMA received based on its non-renewed providers' services exceed $75,000, exclusive of interest and costs.

Subsection (d)(5) also provides that CAFA jurisdiction extends to class actions in which there are at least 100 putative class members. *See* 28 U.S.C. § 1332(d)(5)(B). Both things are true here. The Plaintiffs allege that they filed the complaint

> on their own behalf and on behalf of a class of all Medical Groups in New Jersey… [that] had Providers who were notified that they would be removed from the Plan by United without cause when their individual Provider Contracts expire(d), who had patients receive letters from United notifying them that their Providers were being deselected from the Plan and/or who otherwise suffered damages as a result of Defendants' interference with their relationships with their Providers, their patients and Providers from other Medical Groups.

Ex. A, Compl. ¶ 110. United has also reviewed its non-renewal records and has determined that there are 100 or more putative class members. *See also id.* ¶ 27 (alleging that there are "hundreds if not thousands of provider groups" in New Jersey with providers who are in-network with the Plan).

### B.    There is more than $5 million in controversy.

21.    The "matter in controversy" also exceeds $5 million (exclusive of interest and costs). *Cf.* 28 U.S.C. § 1332(d)(2). The Plaintiffs allege that they suffered "substantial damages" and that they derived "significant revenues" from United. Ex. A, Compl. ¶¶ 123, 127, 131, 139, 143; *see also* ¶ 31 (alleging that Plaintiff SMA "has approximately fourteen (14) healthcare Providers who participate in the Plan and, over the years, SMA has received significant revenues from the work of their Providers in the Plan"). United has also reviewed its records and confirmed that the yearly revenues that putative class members received based on their non-renewed providers' services—for Medicaid and Medicare lines of business—exceeds $5 million in the aggregate, exclusive of interest and costs. For instance, United's records confirm that two of the provider groups received in the aggregate more than $5 million in total revenue for those lines. And two other groups each received more than $1 million in revenue from those lines. Accordingly, United could satisfy the amount-in-controversy requirement by pointing to only several putative class members. There are more than 100. More than $5 million (exclusive of interests and costs) is at stake. *Cf. Dart Cherokee*, 574 U.S. at 89 (notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional

threshold"). This satisfies the amount-in-controversy requirement under both CAFA and 28 U.S.C. § 1332(a).

C.     **There is at least minimal diversity.**

22.     There is also minimal diversity under CAFA because at least one plaintiff is a citizen of a different state than one defendant. *See* 28 U.S.C. § 1332(d)(2)(a). The Plaintiffs are New Jersey citizens (*see* Ex. A, Compl. ¶¶ 30, 32, 38), but again, none of the defendants is a New Jersey citizen except for Riverside Medical Group, LLP (according to the Plaintiffs). Even if that entity exists and even if it were the entity that the Plaintiffs meant to name, United has satisfied CAFA's requirements.

D.     **CAFA's exceptions do not apply.**

23.     Certain of the Plaintiffs' allegations suggest that they will try to defeat CAFA jurisdiction by invoking the so-called "home state" or "local controversy" exceptions. *See, e.g.*, Ex. A, Compl. ¶¶ 116–18. Neither applies.

24.     The home-state exception does not apply because at least one "primary defendant" is not a New Jersey citizen. *See* 28 U.S.C. § 1332(d)(4)(B). The exception requires federal courts to decline jurisdiction when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the [s]tate in which the action was originally filed.'" *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 154–55 (3d Cir. 2009). The Plaintiffs' putative class purports to cover only New Jersey medical practices, but the "primary defendants" are not New Jersey citizens. A "primary defendant" is any defendant that is the "real target of the plaintiffs' accusations" and that could stand to suffer direct liability to the plaintiffs. *See Vodenichar v. Halcon Energy Props.*, 733 F.3d 497, 504–05 (3d Cir. 2013). Here, that is UHIC. The Plaintiffs' alleged losses supposedly flow from UHIC's contractual relationship with the Plaintiffs' providers, and many of their claims target UHIC in whole or substantial part. *See* Ex. A, Compl. ¶¶ 39, 43, 46, 112, 122, 126, 130.

25.     The Plaintiffs allege, for example, that "Defendants" wrongfully non-renewed the providers and "tortiously refused to deal with the Medical Groups" (Ex. A, Compl. ¶ 126); that claim concerns only UHIC. The same is true of the Plaintiffs' claims that "Defendants" were unjustly enriched (Count III), that they committed unfair competition by notifying patients that UHIC was

non-renewing the Plaintiffs' providers (Count IV), and that United somehow misappropriated its own plan members' information (Count VI). Each claim targets UHIC. And because UHIC is a Connecticut citizen, at least one "primary defendant" is not a citizen of New Jersey. *See also Vodenichar*, 733 F.3d at 506 ("[B]y using the word 'the' before the words 'primary defendants' rather than the word 'a,' the statute requires remand under the home state exception only if all primary defendants are citizens of Pennsylvania."). On top of that, the only entity that the Plaintiffs allege is a New Jersey citizen—Riverside Medical Group, LLP—is not in United's corporate family and is accordingly not a "primary defendant." The home-state exception does not apply.[3]

26.     Neither does the local-controversy exception. That exception applies only if "during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A)(ii). Last year, the Plaintiffs and their providers sued the same defendants in this Court and raised the same factual allegations. Ex. B. Like this case, that earlier case concerned United's decision to non-renew the Plaintiffs' providers in 2019. *Id.* ¶¶ 80–81. And like this case, that case also included claims for civil conspiracy, tortious interference, unfair competition, and tortious refusal to deal. *Id.*, pp. 34–41. The earlier class action forecloses the local-controversy exception.

27.     Even if it didn't, another requirement would. The local-controversy exception requires proof that "at least 1 defendant is a defendant (aa) from whom significant relief is sought by members of the plaintiff class; (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (cc) who is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A)(i)(II). The Plaintiffs cannot prove that. The allegations against Riverside Medical Group, LLP are not a "significant basis" of the Plaintiffs' claims because the Plaintiffs joined the wrong entity. *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb); *see also Kaufman*, 561 F.3d at 157 (a defendant's actions form a significant basis of a plaintiff's claims if they are an "important

---

[3] For the same reason, the discretionary exception to CAFA jurisdiction does not apply either. *See* 28 U.S.C. § 1332(d)(3).

ground for the asserted claims in view of the alleged conduct of all the Defendants"). Even if the Plaintiffs named Riverside Medical Management, LLC, their conspiracy-theory allegations against Riverside are frivolous, which explains why they make those allegations only "on information and belief."[4] *See, e.g.*, Ex. A, Compl. ¶¶ 55, 90. The Plaintiffs have no factual allegations concerning Riverside's conduct except for a single allegation that in 2018, Riverside "sought" to acquire SMA and SMA declined to sell. *Id.* ¶ 87. The Plaintiffs allege no facts suggesting that Riverside communicated with any other United defendant about the Plaintiffs or that Riverside even knew about UHIC's decision to non-renew the Plaintiffs' providers, much less that Riverside encouraged or prompted those non-renewals. The Plaintiffs have identified no facts showing Riverside's "alleged conduct," so they cannot prove that the conduct "forms a significant basis" for their claims.

## IV.     UNITED HAS ALSO SATISFIED ALL OTHER REQUIREMENTS.

28.     United has also satisfied all other procedural requirements for removal under 28 U.S.C. § 1446 and this Court's Local Civil Rules.

29.     *Consent*. To remove based on federal question jurisdiction under 28 U.S.C. §§ 1331 and 1441(a), all defendants who have been properly joined and served must consent to removal. 28 U.S.C. § 1446(b)(2)(A). The Plaintiffs improperly joined or fraudulently joined Riverside Medical Group, LLP, and they have not served that entity. At any rate, the other defendants and the Riverside entity in United's family (Riverside Medical Management, LLC) all consent to removal. That is enough under 28 U.S.C. § 1446(b)(2)(A). In any event, CAFA does not require all defendants' consent for removal. 28 U.S.C. § 1453(b).

30.     *Venue*. Venue is proper because this Court sits in the federal judicial district embracing New Jersey Superior Court. *See* 28 U.S.C. § 1441(a).

31.     *Timeliness*. This notice is timely. A defendant must remove a case within 30 days of being served with process.  28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999). The Plaintiffs filed their complaint in Essex County Superior Court on July

---

[4] The United defendants are not subject to personal jurisdiction in New Jersey.

17, 2020 but did not serve the defendants. Ex. A. On August 10, the parties agreed that United would waive service of process effective August 10, that it would reserve all defenses and objections, and that it would have until October 9 to answer, move, or otherwise respond to the complaint. United filed this notice within thirty days of August 10 (and within 30 days of first learning about the complaint).

32.     *State court papers.* In accordance with 28 U.S.C. § 1446(a), United attaches as Exhibit A a copy of the complaint filed in state court. No other "process, pleadings, [or] orders" have been served on United in the state court action. 28 U.S.C. § 1446(a).

33.     *Notice to adverse parties and state court.* In accordance with 28 U.S.C. § 1446(d), United will serve copies of this notice on the Plaintiffs' counsel and will file the notice with the state court clerk. *See* Ex. D (notice to state court).

34.     *Other matters.* If the Plaintiffs oppose removal, then United asks for the opportunity to submit briefing, argument, and additional evidence to show why removal is proper. United also reserves the right to amend or supplement this notice. By filing this notice, none of the defendants waives or relinquishes its rights to assert any defense or objection to the complaint, including personal-jurisdiction defenses and the defendants' right to compel arbitration of the Plaintiffs' claims.

## CONCLUSION

The Court has subject-matter jurisdiction over the Plaintiffs' claims under 28 U.S.C. §§ 1331, 1332, and 1367, and removal is proper under 28 U.S.C. §§ 1441, 1446, and 1453.

Respectfully submitted on August 14, 2020.

s/ Steven Penaro
Steven L. Penaro
D.N.J. ID # 030182009
**ALSTON & BIRD LLP**
90 Park Ave
New York, NY 10016
Tel: 212-210-9460
Fax: 212-922-3960
steve.penaro@alston.com

Lee A. Deneen

Brian D. Boone
*Pro hac vice motion forthcoming*
**ALSTON & BIRD LLP**
Bank of America Plaza, Suite 4000
101 S. Tryon St.
Charlotte, NC 28280
Tel: 704.444.1000
Fax: 704.444.1111
brian.boone@alston.com

*Pro hac vice motion forthcoming*
Fiona O'Carroll
*Pro hac vice motion forthcoming*
Anderson S. B. Kemp
*Pro hac vice motion forthcoming*
**ALSTON & BIRD LLP**
1201 W. Peachtree St., Suite 4900
Atlanta, GA 30309
Tel: 404.881.7000
Fax: 404.881.7777
lee.deneen@alston.com

*Counsel for UnitedHealth Group, Inc.,*
*UnitedHealthcare Insurance Company, UnitedHealthcare Community Plan, Inc.,*
*Optum, Inc., and Optum Care, Inc.*

## LOCAL CIVIL RULE 11.2 VERIFICATION

In accordance with Local Rule 11.2, United identifies the following pending individual arbitrations—filed by providers in the Plaintiffs' medical groups—as other actions related to the subject matter of this case.

*Ramez W. Samuel v. UnitedHealth Group, Inc.*        AAA Case No. 01-19-0004-6276

*Elizabeth Evans v. UnitedHealth Group, Inc.*        AAA Case No. 01-19-0004-6275

*Nilay R. Shah v. UnitedHealth Group, Inc.*        AAA Case No. 01-19-0000-1325

*Rakesh K. Sahni v. UnitedHealth Group, Inc.*        AAA Case No. 01-19-0004-6163

*Inas Wassef v. UnitedHealth Group, Inc.*        AAA Case No. 01-20-0004-9105

*Fadi El-Atat v. UnitedHealth Group, Inc.*        AAA Case No. 01-20-0001-6605

*Sarah A. Sater v. UnitedHealth Group, Inc.*        AAA Case No. 01-20-0001-6879

Respectfully submitted on August 14, 2020.

s/Steven Penaro
Steven L. Penaro

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 14, 2020, I electronically filed this **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system and sent a true and correct copy of the same by overnight mail to the following address:

> Steven I. Adler
> Mandelbaum Salsburg
> 3 Becker Farm Road, Suite 105
> Roseland, New Jersey 07068
> sadler@lawfirm.ms

s/Steven Penaro
Steven L. Penaro
D.N.J. ID # 030182009
**ALSTON & BIRD LLP**
90 Park Ave
New York, NY 10016
Tel: 212-210-9460
Fax: 212-922-3960
steve.penaro@alston.com

*Counsel for Defendants*
